UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DOROTHY MARIE MOORE**<br>10505 Prince Ave.<br>Cleveland, Ohio 44105, <br><br>　　　Plaintiff, <br><br>　　　v. <br><br>**OFFICER KEITH HOLMES #079**<br>Greater Cleveland<br>Regional Transit Authority Police<br>1240 W. 6th Street<br>Cleveland, Ohio 44113, <br><br>　　　and, <br><br>**OFFICER SYCZ #048**<br>Greater Cleveland<br>Regional Transit Authority Police<br>1240 W. 6th Street<br>Cleveland, Ohio 44113. <br><br>　　　and, <br><br>**GREATER CLEVELAND**<br>**REGIONAL TRANSIT AUTHORITY**<br>1240 West 6th St.<br>Cleveland, Ohio 44113, <br><br>　　　Defendants. | CASE: <br><br>JUDGE: <br><br>MAGISTRATE JUDGE: <br><br>**COMPLAINT FOR MONEY**<br>**DAMAGES** <br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT FOR MONEY DAMAGES**

1

## INTRODUCTION

Plaintiff Dorothy Marie Moore of Cuyahoga County, Ohio, hereby asserts the following claims against the Defendants in the above entitled action:

(1) violation of 42 U.S.C. 1983: (arrest)

(2) violation of 42 U.S.C. 1983: (excessive force)

(3) violation of 42 U.S.C. 1983: (detention and confinement)

(4) Ohio State Law claim: (negligence).

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. sections 1331, 1337, 1343(a), and 1367(a); 42 U.S.C sections 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction for the pendent claim is authorized by Fed. R. Civ. P. 18(a) and arises under The Doctrine of Pendent Jurisdiction as set forth in United States Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Dorothy Marie Moore is a natural person residing at 10505 Prince Ave. Cleveland, Ohio 44105. Plaintiff was a resident of Cuyahoga County, Ohio, during all relevant times of this action.

4. Defendants Officer Keith Holmes #079 and Officer Sycz #048 are natural persons with employment as public employees and police officers at the Greater Cleveland Regional Transit Authority 1240 West 6th St. Cleveland, Ohio 44113, at all times relevant to this Complaint.

5. Defendant Greater Cleveland Regional Transit Authority ("RTA") is a governmental entity and a "person" under 42 USC 1983 et seq. RTA is and was the employer of Defendants Officers

Keith Holmes #079 and Sycz #048 at all times relevant to this Complaint.

6. Plaintiff sues all public employees in their official and individual capacities.

7. At all times material to this Complaint, Defendants Officer Keith Holmes #079 and Officer Sycz #048 acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of Ohio, Cuyahoga County, and Defendant Greater Cleveland Regional Transit Authority.

## FACTS

8. On October 5, 2013, at about 12:30 pm, Plaintiff was at the Spin Cycle Laundromat on the corner of Euclid Avenue and Wymore Road in the City of East Cleveland, Ohio, doing laundry, when she met her son.

9. Plaintiff went outside to smoke a cigarette, when Defendants Holmes #079 and Sycz #048 (RTA Police Officers) pulled up in their vehicle and asked her for her son's identification.

10. Plaintiff told Defendant Officers Holmes and Sycz that her son's identification was in the washer. Defendants Holmes and Sycz acted like they did not hear her.

11. Defendants Holmes and Sycz told Plaintiff that her son was going to jail anyway. When Plaintiff asked Defendants Holmes and Sycz what her son had done, they said that her son had been walking up and down the street making gestures and saying things to people.

12. The son stood up, told Defendants Holmes and Sycz that he was not on their premises, and started backing up.

13. The two Defendant Officers showed Plaintiff's son that they had tasers ready to use on him.

14. Plaintiff's son left and managed to get across the street from the laundromat. Plaintiff kept calling him by name, but he did not answer her and kept walking.

15. Defendant Officers Holmes and Sycz ran back to their vehicle and followed Plaintiff's son.

16. Plaintiff started walking in the direction that the Officers drove.

17. Plaintiff then saw the Defendant Officers make a U-turn and come back toward her.

18. Plaintiff did not realize that the Defendant Officers were coming to meet her, so she started walking back toward the laundromat.

19. Defendant Officers Holmes and Sycz drove toward the laundromat, jumped out of their vehicle, and told Plaintiff that they needed to see her son's identification.

20. Plaintiff said she could not stop the washing machine where her son's identification was.

21. At this time, Plaintiff and Defendants Holmes and Sycz were outside of a storefront near the laundromat.

22. Defendant Officers Holmes and Sycz came up to the Plaintiff and grabbed her by the wrist.

23. Defendants Holmes and Sycz grabbed the Plaintiff and tried to put handcuffs on her.

24. One of the Defendant Officers called Plaintiff a "bitch."

25. Defendants Holmes and Sycz backed the Plaintiff into the glass window of a vacant store near the laundromat and twisted her left arm all the way to her neck, with her face against the storefront window.

26. When Defendants Holmes and Sycz cuffed the Plaintiff, they twisted her left arm, and she cried out in pain.

27. Defendants Holmes and Sycz then broke Plaintiff's left wrist.

28. Defendant Holmes and Sycz took the Plaintiff to the East Cleveland Police Station on Euclid avenue in East Cleveland, Ohio, booked her, and charged her with Obstructing Official Business, Aggravated Disorderly Conduct, and Resisting Arrest.

29. Plaintiff stayed in jail for 3 days and was released on October 8, 2013.

30. When the Plaintiff was released she went to the Stephanie Tubbs Jones Urgent Care Center at 13944 Euclid Ave. East Cleveland, Ohio, where her wrist was x-rayed.

31. The next day, the nurse called and told Plaintiff she needed to come in to be seen because her wrist was broken. Plaintiff went to the Cleveland Clinic and had a cast placed on her wrist.

31. Plaintiff received therapy and x-rays on her wrist at the Cleveland Clinic Foundation.

32. On October 29, 2015, Plaintiff was arraigned in East Cleveland Municipal Court on charges of Disorderly Conduct (E. Cleve. Ordinance 509.03), Obstructing Official Business (E. Cleve. Ordinance 525.07), and Resisting Arrest (E. Cleve. Ordinance 525.09). She posted a $400 bond.

33. On October 31, 2013, all charges against Plaintiff were dismissed and $247.40 of her bond money was returned. **(See Exhibit I).** The rest was kept by the City of East Cleveland.

34. Plaintiff went to therapy twice per week for ten weeks at the Cleveland Clinic Foundation.

35. Plaintiff had been doing volunteer work and studying for her GED prior to the time this incident occurred.

36. Plaintiff is a middle aged woman with various health problems. She has had bypass surgery on her left leg.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 USC 1983; ARREST

37. Plaintiff repeats and incorporates by reference the allegations in par. 1 to 36 above with the same force and effect as herein set forth.

38. At all times relevant herein, the conduct of Defendants Holmes #79 and Sycz #48 was subject to 42 USC 1983, 1985, 1986, and 1988.

39. Acting under color of law, Defendants Holmes #79 and Sycz #48 worked a denial of Plaintiff's rights, privileges, and immunities as secured by the U.S. Constitution and by Federal Law, depriving Plaintiff of her liberty and taking her into custody and holding her there against

her will without probable cause.

40. On 10/5/2013, Defendants Holmes and Sycz arrested Plaintiff Dorothy Marie Moore on charges of Obstructing Official Business, Aggravated Disorderly Conduct, and Resisting Arrest.

41. At no time did Plaintiff attempt to resist arrest, interfere in any way with the Defendant Officers' performance of their duties, or engage in any sort of disorderly, violent, or raucous conduct.

42. Nonetheless, Officers Holmes and Sycz swore out and wrote reports and a complaint against the Plaintiff alleging Aggravated Disorderly Conduct, Resisting Arrest, and Obstructing Official Business.

43. The charges were dismissed on October 31, 2013, in East Cleveland Municipal Court.

44. Plaintiff's arrest was without reasonable grounds as she had not conducted herself in a violent, uncontrollable, or disorderly manner. Plaintiff in no way attempted to interfere with Defendants Holmes and Sycz's performance of their official duties; and Plaintiff did not resist arrest. Instead, Plaintiff was violently and injuriously manhandled by Defendants Holmes and Sycz in a very brutal fashion.

45. As a result of Defendants Holmes' and Sycz's arrest, Plaintiff was deprived of liberty without due process of law and equal protection under the law under the Fourth, Fifth, and Fourteenth Amendments to the US Constitution and 42 USC 1983.

## COUNT II: VIOLATION OF 42 USC 1983: EXCESSIVE FORCE

46. Plaintiff repeats and incorporates by reference the allegations in par. 1 to 45 above with the same force and effect as herein set forth.

47. On October 5, 2013, Plaintiff Dorothy Marie Moore, a middle aged female with health

problems, offered no resistance to Defendant RTA Officers Holmes #79 and Sycz #48, yet was treated with inordinate, excessive and unjustified force leading to her arrest.

48. The Defendant Officers grabbed the Plaintiff, backed her face against the glass window of the laundromat, twisted her left arm all the way to her neck, and, with great force, broke her wrist while handcuffing her.

49. As a result of their use of excessive force, Defendants Holmes and Sycz deprived the Plaintiff of her right to liberty without due process. They deprived Plaintiff of and her right to Equal Protection under the Law. The due course of justice was impeded in violation of the Fourth, Fifth, and Fourteen Amendments to the U.S. Constitution, as well as 42 USC 1983 et seq.

50. The use of excessive force, resulting in Plaintiff's broken left wrist violated Plaintiff's Eighth Amendment protection from cruel and unusual punishments.

## COUNT III: VIOLATION OF 42 USC 1983: UNLAWFUL DETENTION AND CONFINEMENT

51. Plaintiff repeats and incorporates by reference the allegations in par. 1 to 50 above with the same force and effect as herein set forth.

52. As a result of their concerted, willful, and improper confinement of Plaintiff in the East Cleveland Municipal Jail, Defendant Officers Holmes and Sycz deprived Plaintiff Dorothy Moore of her right to be secure against unreasonable seizures, deprivation of liberty without due process, and her right to equal protection under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constititution. This unlawful and willful detention deprived Plaintiff of the right to be free of cruel and unusual punishments under the Eighth Amendment, as well.

## COUNT IV: OHIO STATE LAW CLAIM: NEGLIGENCE

53. Plaintiff repeats and incorporates by reference the allegations in par. 1 to 52 above with the same force and effect as herein set forth.

54. Defendants Holmes and Sycz owed a duty to the Plaintiff to act according to the standard of ordinary care of police officers, to wit, to conduct a proper investigation and arrest, and to exercise proper care so as not to unreasonably or needlessly injure the Plaintiff.

55. Defendants Holmes and Sycz negligently and recklessly acted in total disregard for the safety and security of the Plaintiff. Defendants Holmes and Sycz negligently and recklessly acted with cavalier disregard for the injuries and serious medical consequences which could--- and did--- result from their violent and unreasonable behavior in respect to the Plaintiff.

56. The violent nature of Defendants' Holmes and Sycz's arrest of the Plaintiff was the proximate cause of her physical injury (broken wrist) and all of the consequential pain and physical and financial damages she suffered.

57. As a result of these breaches of duty on the part of Defendants Holmes and Sycz, Plaintiff suffered serious physical injuries (a broken wrist), along with the pain and medical and financial consequences stemming therefrom.

58. Defendant Greater Cleveland Regional Transit Authority, a governmental entity, was the employer of Defendant Officers Holmes #079 and Sycz #048 at all times relevant to this Complaint (including October 5, 2013).

59. Defendant Greater Cleveland Regional Transit Authority is liable under the Doctrine of Respondeat Superior for the negligent and/or reckless acts of Defendant Officers Holmes and Sycz, including the latters' failure to exercise due care to conduct a reasonable investigation and arrest, and their failure to exercise due care so as to avoid causing serious physical injury, pain and suffering to Plaintiff (Plaintiff's broken left wrist).

## WHEREFORE,

(a) Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $1,000,000.

(b) Plaintiff demands punitive damages against the Defendants joint and severally in the amount of $2,000,000.

(c) Plaintiff demands to be reimbursed for her attorney fees and costs of this action.

(d) Plaintiff asks that the Court grant her any and all other relief which the Court may find appropriate and just in this matter.

## A JURY TRIAL IS REQUESTED

Respectfully Submitted,

/s/ Stanley Josselson

Stanley Josselson 0025685
1276 West 3rd St. #411
Cleveland, Ohio 44113
216-696-8070
josso@att.net
Attorney for Plaintiff Dorothy Marie Moore

## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that she is the Plaintiff herein, has read the foregoing pleading filed on her behalf, and the facts stated therein are true to the best of her knowledge and recollection.

*Dorothy Moore*
Plaintiff Dorothy Marie Moore

Sworn and Subscribed before me and in my presence on September 15, 2015, by Dorothy Marie Moore in Cuyahoga County, Ohio.

Val Schurowliew 0071823, Notary (no exp.)
1276 West 3 #411
Cleveland, Ohio 44113